## S. B. BOLEN v. STATE.

(Nos. A-1911, A-1912.   Opinion Filed June 5, 1915.)

1.   **INSURANCE—License—Agency—"Compensation."**   A prosecution based on the following provision of sec. 3750, Snyder's Comp. Laws of Oklahoma, 1909, to-wit: ''Whoever shall assume to act as such agent, or, unless a licensed broker, shall in any manner for compensation negotiate contracts of insurance on behalf of such corporation for a person other than himself, prior to the filing of such notices of appointment or after receiving notice of such finding of unsuitability, shall be subject to the penalties provided by this act for soliciting insurance without license''—penalizes and was intended to penalize persons only who acted as insurance solicitors without license, and while actng in such capacity negotiated and concluded insurance contracts for compensation.

2.   **SAME—Indictment and Information—Necessary Allegations.**   An information based upon this provision must contain an allegation to the effect that such insurance contracts were negotiated for compensation.

(Syllabus by the Court.)

*Appeal from County Court, Beckham County;*
*John C. Hendrix, Judge.*

S. B. Bolen was convicted of violating the insurance law, and appeals.   Reversed.

*Choat & Smith,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, S. B. Bolen, was convicted in the county court of Beckham county upon two charges of violating the insurance law.   In A-1911 his punishment was fixed at a fine of one hundred dollars, and in A-1912 the punishment was fixed at a fine of two hundred dollars.

The appeal is by transcript only.   The same questions are raised in both cases, and involve only the sufficiency of the information.   Omitting the caption, the information is as follows:

"Comes now the county attorney for the said county of Beckham, in the name and by the authority of the state of Okla-

homa, and information makes that one S. B. Bolen, late of the county aforesaid, on or about the 10th day of May, 1912, in the county of Beckham and state of Oklahoma, did then and there unlawfully represent himself to be a legal and licensed insurance agent with full authority to represent the Union Mutual Insurance Company of Enid, Oklahoma, and did then and there unlawfully solicit a contract and effect·a contract of insurance between the said The Union Mutual Insurance Company of Enid, Oklahoma, and said A. S. Johnston, he the said S. B. Bolen being not then a legal, licensed agent for the said Union Mutual Insurance Company of Enid, Oklahoma, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

A demurrer was interposed to each information on the ground that it failed to charge facts sufficient to show that a violation of the law of this state had occurred. The demurrer was overruled by the trial court, and exceptions duly reserved.

The informations in each case plead the same facts, with the exception of the names of the parties dealt with. These informations were intended to charge a violation of the following provisions of section 3750, Comp. Laws 1909:

"* * * Whoever shall assume to act as such agent, or, unless a licensed broker, shall in any manner *for compensation* negotiate contracts of insurance on behalf of such corporation for a person other than himself, prior to the filing of such notices of appointment or after receiving notice of such finding of unsuitability, shall be subject to the penalties provided by this act for soliciting insurance without license."

The purpose of this provision was to penalize any person who had not been properly licensed as an insurance solicitor, for negotiating insurance contracts *for compensation*. The informations in question do not charge that the act complained of, to wit: The negotiation of an insurance contract with the individuals named in the informations, was done for compensation. This was essential, and having been omitted, the demurrer should have been sustained.

The judgment is reversed and the cause remanded, with direction to sustain the demurrer and permit the county attorney to file a new information in each case if there is to be further prosecution of the actions.

DOYLE, P. J., and FURMAN, J., concur.